DODD *et al. v.* SOLOMONS & COMPANY *et al.*

The petition by unsecured creditors for an injunction and the appointment of a receiver showing on its face that, besides the judgment sought to be enforced by levy, "there are other judgments" against the debtor, and that "petitioners are informed and believe that there are mortgages on the stock . . . for large amounts in favor of persons to petitioners unknown," and the judgment on which the levy is founded being for the sum of one thousand dollars besides interest and cost, and the value of the stock of drugs levied upon being, according to the evidence, not exceeding $1,500.00, and the petition not alleging anything against the validity or *bona fides* of any of the judgments or mortgages to which it refers, there was no cause for enjoining a sale by the sheriff under the levy, nor for requiring him to turn over the stock of drugs to a receiver.                    *Judgment reversed.*
January 27, 1894.

·Petition for injunction, etc.   Before Judge FALLIGANT. Chatham county.   December 5, 1893.

On November 22d, 1893, a petition for injunction and receiver was brought against Nottingham, an insolvent trader, by three unsecured creditors holding claims amounting to $449.57.   One of these held four notes of Nottingham, three of which, amounting to $281.27, were not due at that date.   About three hours before the presentation of the petition and the grant of a rule *nisi* and temporary restraining order, and the appointment of a temporary receiver, the sheriff of the city court of Savannah levied on Nottingham's stock of goods under an execution issued from that court on November 18th, for $1,000, besides interest and costs, in favor of Dodd. The evidence shows that the stock of goods was not worth over $1,500, and could not be made to yield that sum except under the most advantageous circumstances; and that the outstanding accounts on the books of Nottingham did not amount to more than $200, including bills good and bills uncertain as to their collection. By amendment to their petition, plaintiffs allege that

when the temporary receiver went to take possession, the sheriff of the city court declined to deliver the same; that Dodd knew the petition had been prepared and that one of the plaintiffs' attorneys was on his way to present it to the judge of the superior court; that he caused the levy to be made for the purpose of hindering and delaying plaintiffs and other unsecured creditors of Nottingham from realizing on their claims, and to place obstacles in the way of the receiver whom he knew was about to be appointed; that there are mortgages on Nottingham's stock for large amounts in favor of persons unknown, whom plaintiffs ask to be made parties defendant when known; that if the stock of goods is sold at sheriff's sale it would not bring one fourth of its value; that it is of such a nature that it could be sold to much better advantage at retail; that if the stock is sold by the sheriff, and the notes and accounts remain uncollected until the sale, it would cause a total loss to plaintiffs and other unsecured creditors, to prevent which it is necessary that Nottingham's assets should be administered in a court of equity. Plaintiffs pray that the sheriff be enjoined from proceeding with the execution, and be directed to deliver the property levied upon to the receiver; that he and Dodd be made parties defendant, and be enjoined from enforcing the judgment by levy and sale of the goods or of any other part of the estate and assets of Nottingham, etc. Dodd answered, that on November 22d, he learned that plaintiffs were about to apply for a receiver under a creditor's bill, and he offered to join with them for that purpose, but was refused by one of their solicitors; whereupon he directed the sheriff to levy his execution, and was actuated only by the desire to guard his interests and protect them from the expenses attendant upon a receivership. He neither intended nor desired to hinder or defeat any creditor or Nottingham. Beside respondent's judgment

there are lien debts of Nottingham, to wit: a mortgage to Marsteller for $384.00 and to secure indorsements on $425.33, dated November 11th, 1893, and a mortgage to Crosland to secure indorsements of $520, dated November 4th, 1893, and a mortgage to Hall & Ruckert of $400, dated November 13th, 1893; each of which mortgages was duly recorded prior to the appointment of the temporary receiver. Nottingham has filed his application for homestead exemption, in which he asks that $992.63 of the assets levied upon be subjected to his homestead right. The assets, if sold by the receiver, will bring but little if any more than if sold by the sheriff under respondent's levy, and under no circumstances could they be made to yield enough to pay the lien indebtedness. Plaintiffs could derive no benefit by the appointment of a receiver and the grant of the injunction, but respondent and other secured creditors will be damaged in heavy costs and in delay of settlement of their accounts.

At the hearing one of the plaintiffs made an affidavit, that on the day when the petition for the appointment of a receiver was presented, Dodd called on deponent, who stated to him his intention to file the petition, and Dodd approved of this course and said it was the right thing to do and that he would himself be willing to join in the application, but there was no necessity for his so doing, and therefore he would not join; whereupon deponent refrained from further pressing Dodd to join in the proceeding, and he at no time offered to join therein, nor did deponent at any time refuse to permit him to do so. The deputy-clerk of the superior court made affidavit, that the mortgage to Crosland was not filed in the clerk's office until November 24th, and not recorded until December 24th, 1893; that it was dated November 24th, and was the only mortgage on record in that office from Nottingham to Crosland. The attorney of Hall

& Ruckert made affidavit that the mortgage of November 13th, 1893, made by Nottingham to Hall & Ruckert, was given to secure advances in goods to be shipped to the amount of $400; that the negotiations by which the mortgage was executed were conducted for Hall & Ruckert by Marsteller, their agent; that when an order was sent to them for part of the $400 worth of goods, they refused it and declined to accept the mortgage; and that on November 29th, deponent transmitted the mortgage to them with the request that they cancel it because of the above facts, and is expecting it to be returned cancelled.

The court appointed a receiver for all the property and assets of Nottingham, and ordered the sheriff of the city court to deliver the stock of goods to said receiver, who was ordered to report whether the stock could be more profitably sold at public or private sale, by retail or in lots, and to collect all the outstanding debts due Nottingham, and to institute suit upon those that should be sued. The injunction was granted as prayed for. Dodd and the sheriff excepted.

McALPIN & LaROCHE, for plaintiffs in error.

HARDEN, WEST & McLAWS, *contra.*